XAVIER BECERRA
Attorney General of California
ROBERT W. BYRNE
SALLY MAGNANI
MICHAEL L. NEWMAN
Senior Assistant Attorneys General
MICHAEL P. CAYABAN
CHRISTINE CHUANG
EDWARD H. OCHOA
Supervising Deputy Attorneys General
HEATHER C. LESLIE
JANELLE M. SMITH
JAMES F. ZAHRADKA II
LEE I. SHERMAN (SBN 272271)
Deputy Attorneys General
  300 S. Spring St., Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 269-6404
  Fax: (213) 897-7605
  E-mail: Lee.Sherman@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; ATTORNEY GENERAL DANA NESSEL ON BEHALF OF THE PEOPLE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; COMMONWEALTH OF VIRGINIA; and STATE OF WISCONSIN**<br><br>Plaintiffs,<br><br>v. | Case No. 4:19-cv-00872-HSG<br><br>**MOTION TO SHORTEN TIME TO HEAR PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:    Honorable Haywood S. Gilliam, Jr.<br>Trial Date:  None Set<br>Action Filed:  February 18, 2019 |

| | |
|---|---|
| 1 | **DONALD J. TRUMP,** in his official capacity as President of the United States of America; **UNITED STATES OF AMERICA; U.S. DEPARTMENT OF DEFENSE; PATRICK M. SHANAHAN**, in his official capacity as Acting Secretary of Defense; **MARK T. ESPER**, in his official capacity as Secretary of the Army; **RICHARD V. SPENCER**, in his official capacity as Secretary of the Navy; **HEATHER WILSON**, in her official capacity as Secretary of the Air Force; **U.S. DEPARTMENT OF THE TREASURY; STEVEN T. MNUCHIN**, in his official capacity as Secretary of the Treasury; **U.S. DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT,** in his official capacity as Acting Secretary of the Interior; **U.S. DEPARTMENT OF HOMELAND SECURITY; KIRSTJEN M. NIELSEN**, in her official capacity as Secretary of Homeland Security;<br><br>                                               Defendants. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |

**NOTICE OF MOTION AND MOTION FOR RELIEF TO SHORTEN TIME**

PLEASE TAKE NOTICE that Plaintiff States hereby move under N.D. Cal. Civil Local Rule 6-3 for an order shortening time so that Plaintiffs' Motion for Preliminary Injunction (PI Motion) can be heard on Thursday, May 9, 2019 at 2:00 p.m.  While the next available law and motion date on the Court's calendar is August 1, 2019, as detailed below, Plaintiff States request a hearing date of May 9, 2019 in order to obtain preliminary relief to address the substantial harm and prejudice that Plaintiff States face due to imminent actions by Defendants in diverting funds from the Treasury Forfeiture Fund (TFF) and proceeding with construction of a border wall in New Mexico.  This motion is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying declaration, as well as the papers, evidence, and records on file, and any other written oral evidence as may be presented.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**BACKGROUND**

On February 15, 2019, President Trump directed his agencies to divert $6.7 billion from other sources toward the construction of a border wall (the "Executive Action").  Req. for Judicial Notice in Supp. of Mot. for Prelim. J. (RJN) (filed concurrently), Ex. 28.  After President Trump's issuance of the Executive Action, as detailed in Plaintiff States' PI Motion, Defendants have taken concrete steps in furtherance of the president's scheme.  First, the Department of the Treasury (Treasury) announced that it has diverted or will soon be diverting $601 million from TFF to the Department of Homeland Security for border wall construction, and Treasury has already made $242 million of this funding available for obligation.  RJN Ex. 30.  While these funds have not been obligated yet, on April 2, 2019, Defendants filed a declaration from a representative of U.S. Customs and Border Protection (CBP) in another litigation testifying that "CBP intends to start obligating these funds in the near future." RJN Ex. 2 ¶ 11.  As detailed in Plaintiffs' PI Motion, Plaintiff States have a stake in TFF through equitable share claims that they make —and which Defendants historically have granted—in recognition of state and local law enforcement agencies' expenditure of resources in joint law enforcement actions with the federal

1

Mot. to Shorten Time to Hear Pls' Mot. for Prelim. Inj. (4:19-cv-00872-HSG)

government.  31 U.S.C. § 9705(a)(1)(G); PI Mot. (filed concurrently) at 6-7, 10-12; App'x of Decls. Re TFF (TFF App'x) (filed concurrently).

Second, on March 25, 2019, the Department of Defense (DOD) notified Congress that it is transferring $1 billion in funds appropriated for other purposes to DOD's drug interdiction account for immediate obligation to construct border wall fencing in certain areas of the El Paso Sector in Plaintiff State New Mexico.  RJN Exs. 32-34.  A media report indicates that DOD has sent teams of engineers and experts to New Mexico to conduct an assessment in preparation for construction, with construction anticipated to begin as early as the end of May.[1]

In light of these events, on April 4, 2019, Plaintiff States filed their PI Motion seeking to prevent Defendants from obligating any funds from TFF toward construction of a border barrier. In that same motion, Plaintiff State of New Mexico also moved to prevent Defendants from obligating DOD funds toward construction of a barrier on the border between New Mexico and Mexico, and independently, from proceeding with any plans for construction until Defendants comply with the National Environmental Policy Act (NEPA).  *Id.*   Plaintiff States filed their PI Motion as an attachment to an Administrative Motion requesting excess pages and for the brief to be deemed filed on April 4, 2019.  ECF No. 57.  Consistent with Local Rule 7-2(a), Plaintiff States noticed their PI Motion to be heard on May 9, 2019, 35 days after the filing.  On April 8, 2019, the court granted Plaintiff States' Administrative Motion and directed Plaintiff States to "immediately" file their PI Motion.  ECF No. 58.  Plaintiff States have re-filed their PI Motion and supporting documents concurrently with this motion to shorten time in order to be heard on May 9, 2019, as originally noticed in the April 4 filing.[2]

---

[1] Priscilla Alvarez et al., *Exclusive: Defense Dept. Begins Scouting Sits for New Border Wall*, CNN (Mar. 28, 2019), available at https://www.cnn.com/2019/03/28/politics/pentagon-border-wall-arizona-texas/index.html.

[2] On April 4, 2019, plaintiffs in a related case, *Sierra Club and Southern Border Communities Coalition v. Trump et al.* (*Sierra Club*), No. 19-cv-892-HSG, filed a motion for preliminary injunction, ECF No. 29, seeking to prevent Defendants from using funds or resources from DOD to construct a border wall.  Plaintiffs in *Sierra Club* also noticed their motion for preliminary injunction to be heard on May 9, 2018.  On April 5, 2019, this Court in *Sierra Club* filed a notice vacating the May 9, 2019 hearing date because that date "was not the Court's next available hearing date." *Sierra Club*, ECF No. 37.  According to the Court's calendar, the next available law and motion date is August 1, 2019.

2

Mot. to Shorten Time to Hear Pls' Mot. for Prelim. Inj. (4:19-cv-00872-HSG)

# DISCUSSION

Local Rule 6-3(a) sets forth the requirements for a motion to change time, and requires that a party by declaration do the following: "(1) [s]et[] forth with particularity, the reasons for the requested enlargement or shortening of time; (2) [d]escribe the effort the party has made to obtain a stipulation to the time change; (3) [i]dentif[y] the substantial harm or prejudice that would occur if the Court did not change the time; (4) [i]f the motion is to shorten time for the Court to hear a motion . . . [d]escribe the nature of the underlying dispute that would be addressed in the motion and briefly summarize[] the position each party has taken;[3] (5) [d]isclose[] all previous time modifications in the case, whether by stipulation or Court order; [and] (6) [d]escribe[] the effect the requested time modification would have on the schedule for the case." As described below and in the declaration of Lee I. Sherman (Sherman Decl.) accompanying this motion, Plaintiffs satisfy each of these requirements.

### *The Reasons for the Requested Shortening of Time*

Shortly after Defendants committed to making funds from TFF and DOD available for obligation for construction of a border wall, Plaintiff States filed a PI Motion to preserve their stake in their equitable shares from TFF and to prevent the environmental harms that will result from diversion of DOD funds and resources toward the construction of a border barrier in New Mexico. Specifically, Plaintiff States filed their motion only ten days after DOD announced that it was diverting funds and resources toward construction of a border barrier in New Mexico. Consistent with Local Rule 7-2(a), when Plaintiff States filed their PI Motion on April 4, 2019 as an attachment to their Administrative Motion requesting additional pages, Plaintiffs noticed their motion for May 9, 2019, which is 35 days after April 4.

A May 9, 2019 hearing date is necessary in order to obtain the preliminary relief requested by Plaintiff States in their PI Motion. Defendants have acknowledged that they will begin obligating funds from TFF "in the near future," RJN Ex. 2 ¶ 11, which will undermine Plaintiff States' ability to receive equitable share payments from TFF that they have enjoyed for years. PI

---

[3] There is also a requirement to comply with Local Rule 37-1(a) "where applicable." L.R. 6-3(a)(4)(i). Local Rule 37-1(a) governs discovery disputes, so that rule is not applicable here.

3

Mot. to Shorten Time to Hear Pls' Mot. for Prelim. Inj. (4:19-cv-00872-HSG)

Mot. at 10-12, 31-32. As for Defendants' use of DOD funds and resources toward construction of fencing in New Mexico, Defendants are already initiating plans for construction, and actual construction may begin as early as the end of May. *Supra* at 2. In the PI Motion, Plaintiff State of New Mexico described how the construction of a barrier will cause "significant adverse effects on environmental resources," particularly to endangered or threatened wildlife. PI Mot. at 9-10, 29-31. The proposed pedestrian fencing "will permanently impede wildlife connectivity that is essential to the survival of many specifies such as the Mexican wolf," and other disturbances from construction "will kill, injure, or alter the behavior of many vital species such as the endangered Aplomado falcon [and] the iconic Gila monster." *Id.* at 30. A May 9, 2019 hearing date is needed to prevent irreparable harm to Plaintiff States as a result of Defendants' actions to divert funds from TFF and proceed with construction in New Mexico. Sherman Decl. ¶¶ 5, 9.

***Efforts to Obtain a Stipulation***

Plaintiff States made efforts to reach an agreement with counsel of record for defendants in *Alvarez, et al. v. Trump, et al.*, No. 19-cv-404 (D.D.C.) and *Center for Biological Diversity et al. v. Trump et al.*, No. 19-cv-408 (D.D.C.), cases which address similar issues; those counsel confirmed that they will be counsel in this matter as well. Sherman Decl. ¶ 10. The parties were not able to reach an agreement on a hearing date by the time of this filing, but discussions are ongoing and the parties have agreed to continue to meet and confer with the aim of reaching a stipulation without the Court's involvement. *Id.*

***Substantial Harm or Prejudice Caused if the Motion to Shorten Time is Not Granted***

As discussed *supra* and in Plaintiffs' PI Motion (at 29-33), Plaintiffs States are likely to suffer irreparable harm in the absence of preliminary relief from the Court. Plaintiff States filed twenty-five declarations describing the harm caused by loss of TFF equitable sharing payments if Defendants proceed with diverting funds from TFF toward construction of a border wall. TFF App'x. As detailed in the PI Motion, the prospect that Defendants will obligate funds from TFF toward contracts for construction of a border wall also presents the risk that the Court may be unable to award complete relief should Plaintiffs prevail on their PI Motion. *See City of Houston v. HUD*, 24 F.3d 1421, 1426 (D.C. Cir. 1994) (explaining that the plaintiff's case was moot

4

Mot. to Shorten Time to Hear Pls' Mot. for Prelim. Inj. (4:19-cv-00872-HSG)

because the agency had obligated the relevant appropriations to other entities).  In addition, Plaintiff States filed seven declarations detailing the environmental harms that would be caused by use of DOD funds toward construction of a barrier on the border between New Mexico and Mexico.  App'x of Decls. Re Environmental Harms (filed concurrently).  Because Defendants intend to imminently both start obligating funds from TFF toward border wall construction and using DOD funds and resources to initiate construction in New Mexico, Plaintiff States will begin to experience these harms in the absence of preliminary relief, and thus, Plaintiff States will be substantially prejudiced if the hearing is held later than May 9, 2019.  Sherman Decl. ¶¶ 5, 9.

*Nature of Dispute and Summary of Parties' Positions*

Plaintiff States filed a PI Motion to prevent Defendants from diverting $1.6 billion of federal funds from other sources, either from TFF or DOD, toward construction of a border wall.  Plaintiff States are likely to succeed on the merits of their claims because Defendants' redirection of funds and resources are unconstitutional under separation of powers principles, including those ingrained in the Presentment and Appropriations Clauses, and unlawful under both the underlying statutes that Defendants rely on for the diversion and the Administrative Procedure Act.  Sherman Decl. ¶ 4.  Plaintiff States are also likely to succeed on their claim that Defendants have violated NEPA.  *Id.*  Further, Plaintiffs have shown that they are likely to experience irreparable harm, and have established the other preliminary injunction factors; namely, that the balance of equities tips in their favor and that an injunction is in the public interest.  *Id.* ¶ 5-6.  Defendants have not filed a notice of appearance in this litigation, and thus, have yet to present their position.  *Id.* ¶ 7.

*All Time Modifications in This Case*

There have been no time modifications in this case.  Sherman Decl. ¶ 11.

*The Effect the Requested Modification Will Have on the Schedule in This Case*

No schedule has been set in this case, so Plaintiffs' Motion will have no impact on the case's schedule.  Sherman Decl. ¶ 11.

**CONCLUSION**

Plaintiff States respectfully request that the Court grant their motion to shorten time to hold a hearing on Plaintiffs' PI Motion on May 9, 2019.

5

Mot. to Shorten Time to Hear Pls' Mot. for Prelim. Inj. (4:19-cv-00872-HSG)

| | |
|---|---|
| Dated: April 8, 2019 | Respectfully submitted,<br><br>XAVIER BECERRA<br>Attorney General of California<br>ROBERT W. BYRNE<br>SALLY MAGNANI<br>MICHAEL L. NEWMAN<br>Senior Assistant Attorneys General<br>MICHAEL P. CAYABAN<br>CHRISTINE CHUANG<br>EDWARD H. OCHOA<br>Supervising Deputy Attorneys General<br>HEATHER C. LESLIE<br>JANELLE M. SMITH<br>JAMES F. ZAHRADKA II<br><br>*/s/ Lee I. Sherman*<br><br>LEE I. SHERMAN<br>Deputy Attorneys General<br>*Attorneys for Plaintiff* |

6

Mot. to Shorten Time to Hear Pls' Mot. for Prelim. Inj. (4:19-cv-00872-HSG)