Douglas N. Letter, *General Counsel* (D.C. Bar No. 253492)
Todd B. Tatelman, *Deputy General Counsel* (VA Bar No. 66008)
Megan Barbero, *Associate General Counsel* (MA Bar No. 668854)
Kristin A. Shapiro, *Assistant General Counsel* (D.C. Bar No. 1007010)
Brooks M. Hanner, *Assistant General Counsel* (D.C. Bar No. 1005346)
Sarah E. Clouse, *Attorney* (MA Bar No. 688187)

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
douglas.letter@mail.house.gov

*Counsel for Amicus Curiae the United States House of Representatives*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>       *Plaintiffs*,<br><br>  v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*,<br><br>       *Defendants*. | Case No. 4:19-cv-00872-HSG<br><br>P.I. Hearing Date: May 17, 2019<br>Time: 10:00 AM<br><br>**CONSENT MOTION FOR LEAVE TO FILE MEMORANDUM OF THE UNITED STATES HOUSE OF REPRESENTATIVES AS *AMICUS CURIAE*** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The U.S. House of Representatives respectfully moves for leave to file the attached memorandum as *amicus curiae* in the above-captioned matter.[1]  Plaintiffs and defendants consent to the House's motion.  A copy of the House's proposed *amicus curiae* brief and a proposed order are attached.

**STATEMENT OF INTEREST**

The House's motion for leave to file as *amicus curiae* should be granted because the House has a compelling institutional interest in this case, which involves the Executive Branch defendants' unconstitutional expenditure of funds to build a wall along the southern border of the United States without a valid Congressional appropriation.  The House respectfully submits that its *amicus* brief will aid the Court's understanding of the Congressional appropriations issues presented here.  This case arises out of defendants' flagrant disregard for the bedrock constitutional principle that "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law."  U.S. Const. art. I, § 9, cl. 7.  The Appropriations Clause vests Congress with "exclusive power over the federal purse," *U.S. Dep't of the Navy v. FLRA*, 665 F.3d 1339, 1346 (D.C. Cir. 2012) (quotation marks omitted), and it "was one of the most important authorities allocated to Congress in the Constitution's 'necessary partition of power among the several departments,'" *id.* (quoting The Federalist No. 51 (James Madison)).  The Framers vested appropriations authority in Congress to provide it with "the most complete and effectual weapon with which any constitution can arm the immediate representatives of the people."  The Federalist No. 58 (James Madison).

Defendants' trespass on Congress's appropriations authority therefore inflicts a serious injury upon the House as an institution.  "Congress . . . is the only body empowered by the

---

[1] The Bipartisan Legal Advisory Group (which consists of the Speaker, the Majority Leader, the Majority Whip, the Republican Leader, and the Republican Whip) authorized the filing of this brief on behalf of the House.  This group "speaks for, and articulates the institutional position of, the House in all litigation matters."  Rule II.8(b) of the U.S. House of Representatives (116th Cong.).  The Republican Leader and the Republican Whip decline to support this filing for institutional reasons, as the appropriate recourse provided under Article I of the U.S. Constitution is to pass legislation.

Constitution to adopt laws directing monies to be spent from the U.S. Treasury," and "this constitutional structure would collapse, and the role of the House would be meaningless, if the Executive could circumvent the appropriations process and spend funds however it pleases." *U.S. House of Representatives v. Burwell*, 130 F. Supp. 3d 53, 71 (D.D.C. 2015). On April 5, 2019, the House filed suit in the U.S. District Court for the District of Columbia to seek redress for defendants' unconstitutional actions. *See U.S. House of Representatives v. Mnuchin*, No. 1:19-cv-00969 (D.D.C.) The House seeks to participate as *amicus curiae* in this case in further defense of its constitutional authority.[2]

## ARGUMENT

This Court may in its discretion allow the participation of *amicus curiae*, and does not impose "strict prerequisites that must be established prior to qualifying for amicus status." *In re*

---

[2] The House regularly appears as *amicus curiae* in cases in which its institutional powers are implicated. *See, e.g.*, Br. of the House as Amicus Curiae Supporting Resp'ts, *Patchak v. Zinke*, 138 S. Ct. 897 (2018) (No. 16-498); Br. of the House as Amicus Curiae Supporting Certiorari, *Sokolow v. Palestinian Liberation Org.*, No. 16-1071 (S. Ct. Apr. 6, 2017); Br. of Amici Curiae the [House] & 225 Individual Members of the U.S. House of Representatives in Supp. of Resp'ts, *Bank Markazi v. Peterson*, 136 S. Ct. 1310 (2016) (No. 14-770); Br. of Amicus Curiae the [House] in Supp. of Pet'r, *Renzi v. United States*, No. 11-557 (S. Ct. Dec. 2, 2011); Br. of the House as Amicus Curiae Supporting Affirmance, *Land of Lincoln Mut. Health Ins. Co. v. United States*, 892 F.3d 1184 (Fed. Cir. 2018) (No. 2017-1224); Br. of the [House] as Amicus Curiae Supporting Affirmance, *Council of the Dist. of Columbia v. Gray*, 42 F. Supp. 3d 134 (D.C. Cir. 2014) (No. 14-7067); Br. of the [House] as Amicus Curiae, *United States v. Renzi*, 769 F.3d 731 (9th Cir. 2014) (No. 13-10588); Br. of the [House] as Amicus Curiae Supporting Affirmance, *Cause of Action v. Nat'l Archives & Records Admin.*, 753 F.3d 210 (D.C. Cir. 2014) (No. 13-5127); Br. of the [House] as Amicus Curiae Supporting Affirmance of District Court Order, *United States v. Verrusio*, 762 F.3d 1 (D.C. Cir., 2013) (No. 11-3080); Br. of Amicus Curiae the [House] in Supp. of Appellant, *United States v. Rainey*, 757 F.3d 234 (5th Cir. 2013) (No. 13-3070); Br. of House as Amicus Curiae, *United States v. Collins*, No. 1:18-cr-00567 (S.D.N.Y. Apr. 4, 2019); Br. of House as Amicus Curiae, *California v. Trump*, 267 F. Supp. 3d 1119 (N.D. Cal. 2017) (No. 3:17-cv-05895); Mem. of the [House] as Amicus Curiae, *Council of the Dist. of Columbia v. Gray*, 42 F. Supp. 3d 134 (D.D.C. 2014) (No. 1:14-cv-00655); *In re Search of The Rayburn House Office Bldg. Room No. 2113*, 432 F. Supp. 2d 100, 104-05 (D.D.C. 2006); *Byrd v. Raines*, 956 F. Supp. 25, 27 (D.D.C. 1997); *United States v. Rose*, 790 F. Supp. 340, 340 (D.D.C. 1992); *United States v. Eichman*, 731 F. Supp. 1123, 1127 n.6 (D.D.C. 1990); *Webster v. Sun Co.*, 561 F. Supp. 1184, 1185-86 (D.D.C. 1983); *see also Atkins v. United States*, 556 F.2d 1028, 240-41 (Ct. Cl. 1977) (noting participation of Speaker of the House as *amicus curiae* at the invitation of the court, after DOJ conceded the unconstitutionality of the statute at issue).

*Dynamic Random Access Memory Antitrust Litigation*, No. M-02-1486-PJH, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007). Rather, "an individual or entity seeking to appear as amicus must merely make a showing that his/its participation is useful to or otherwise desirable to the court." *Id.* "The touchstone is whether the amicus is 'helpful,' and there is no requirement 'that amici must be totally disinterested.'" *California v. U.S. Dep't of Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogation on other grounds recognized by Montijo v. Swaney*, 754 F. App'x 522 (9th Cir. 2018)).

Here, this Court would benefit from briefing by the House because the questions presented in this litigation involve matters that go to the heart of the separation of powers: Congress's power of the purse, and the restraints imposed on the Executive Branch by the Appropriations Clause, which expressly precludes expenditures of federal funds absent Congressional authorization. The House is well-positioned to provide this Court with unique insight into the appropriations process. As part of the Legislative Branch, the House offers a perspective distinct from the parties, which is particularly important given the separation-of-powers concerns implicated by this action. By addressing the Congressional appropriations process, and specifically the Congressional limitations on appropriations for the construction of a wall along the southern border, the House's participation will provide the Court with an important perspective in this case. Accordingly, the House should be granted leave to participate as *amicus curiae*.

## CONCLUSION

For the foregoing reasons, the House's motion for leave to file the attached memorandum as *amicus curiae* should be granted.

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2 | */s/ Douglas N. Letter* |
|   | DOUGLAS N. LETTER (D.C. Bar No. 253492) |
| 3 | *General Counsel* |
|   | TODD B. TATELMAN (VA Bar No. 66008) |
| 4 | *Deputy General Counsel* |
| 5 | MEGAN BARBERO (MA Bar No. 668854) |
|   | *Associate General Counsel* |
| 6 | KRISTIN A. SHAPIRO (D.C. Bar No. 1007010) |
|   | *Assistant General Counsel* |
| 7 | BROOKS M. HANNER (D.C. Bar No. 1005346) |
|   | *Assistant General Counsel* |
| 8 | SARAH E. CLOUSE (MA Bar No. 688187) |
| 9 | *Attorney* |
| 10 | OFFICE OF GENERAL COUNSEL[*] |
|   | U.S. HOUSE OF REPRESENTATIVES |
| 11 | 219 Cannon House Office Building |
|   | Washington, D.C.  20515 |
| 12 | (202) 225-9700 (telephone) |
|   | (202) 226-1360 (facsimile) |
| 13 | douglas.letter@mail.house.gov |
| 14 | *Counsel for Amicus Curiae the United States House of Representatives* |

---

[*] Attorneys for the Office of General Counsel for the U.S. House of Representatives are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof without compliance with any requirements for admission to practice before such court."  2 U.S.C. § 5571.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2019, I caused the foregoing document to be filed via the U.S. District Court for the Northern District of California's CM/ECF system, which I understand caused service on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter