Douglas N. Letter, *General Counsel* (D.C. Bar No. 253492)
Todd B. Tatelman, *Deputy General Counsel* (VA Bar No. 66008)
Megan Barbero, *Associate General Counsel* (MA Bar No. 668854)
Kristin A. Shapiro, *Assistant General Counsel* (D.C. Bar No. 1007010)

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
douglas.letter@mail.house.gov

*Counsel for Amicus Curiae the United States House of Representatives*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>             *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*,<br><br>             *Defendants*. | Case No. 4:19-cv-00872-HSG<br><br>P.I. Hearing Date: May 17, 2019<br>Time: 10:00 AM<br><br>**MOTION OF THE U.S. HOUSE OF REPRESENTATIVES FOR LEAVE TO PRESENT ARGUMENT IN THE PRELIMINARY INJUNCTION HEARING** |

　　　　The United States House of Representatives respectfully requests leave to present argument during the hearing on plaintiffs' motion for a preliminary injunction, which is currently scheduled for May 17, 2019 at 10:00 a.m.  ECF No. 63.  This Court granted the House's motion for leave to file a brief as *amicus curiae* expressing the views of the House in support of plaintiffs' motion for a preliminary injunction.  ECF No. 72.  As discussed below and in our *amicus* brief, ECF No. 73, the House has a compelling institutional interest in the Court's grant of expedited relief to prohibit the Executive Branch defendants from spending federal funds without a valid Congressional appropriation.  Because the expenditures challenged here usurp the House's Article I legislative authority, the House has a distinct interest in this case and respectfully

submits that its presentation of argument will aid the Court in its determination of the issues. Plaintiffs do not oppose the House's motion.  Defendants take no position on this motion.

This suit arises out of the Executive Branch defendants' expenditure of federal funds to construct a wall along the southern border of the United States in violation of the Appropriations Clause of the U.S. Constitution and the constitutional separation-of-powers principle.  The Appropriations Clause provides that "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law."  U.S. Const. art. I, § 9, cl. 7.  This Clause vests Congress with "exclusive power over the federal purse," and it is "one of the most important authorities allocated to Congress in the Constitution's 'necessary partition of power among the several departments.'"  *U.S. Dep't of the Navy v. FLRA*, 665 F.3d 1339, 1346 (D.C. Cir. 2012) (quoting *The Federalist No. 51* (James Madison)).

As explained in our *amicus* brief, although Congress appropriated only $1.375 billion for the construction of barriers along the southern border, the President announced that his Administration would spend up to $8.1 billion.  *See* ECF No. 73 at 7.  The Administration claims that it has statutory authority to expend those funds, including pursuant to 10 U.S.C. § 284.  *Id.* at 1-2.  Those arguments are incorrect, as plaintiffs and the House have argued: the cited statutory provision provides no authority for the expenditures on a border wall.  Absent a valid Congressional appropriation, the defendants are violating the Appropriations Clause.

To protect its constitutional interests, the House has filed its own suit in the U.S. District Court for the District of Columbia challenging the Administration's expenditure of federal funds under, *inter alia*, Section 284 to construct a border wall.  *See U.S. House of Representatives v. Mnuchin*, No. 19-cv-969 (D.D.C. April 5, 2019).  The House has also sought a preliminary injunction there and the district court has scheduled a hearing for May 24, 2019.  To protect its same constitutional interests, the House filed an *amicus* brief in this suit urging the Court to grant the preliminary injunction.

As noted at the outset, because the actions by the Executive Branch defendants here go to the very heart of an essential power of Congress, put in place by the Framers to protect the people of the United States from unchecked actions by the Federal Government, the House has a unique

2

interest in this matter.  Accordingly, the House respectfully requests leave to present argument during the hearing on the preliminary injunction.

## CONCLUSION

For the foregoing reasons, the Court should grant the House's motion for leave to present argument in the preliminary injunction hearing scheduled for May 17, 2019.

Respectfully submitted,

*/s/ Douglas N. Letter*
DOUGLAS N. LETTER (D.C. Bar No. 253492)
  *General Counsel*
TODD B. TATELMAN (VA Bar No. 66008)
  *Deputy General Counsel*
MEGAN BARBERO (MA Bar No. 668854)
  *Associate General Counsel*
KRISTIN A. SHAPIRO (D.C. Bar No. 1007010)
  *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES[*]
219 Cannon House Office Building
Washington, D.C.  20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
douglas.letter@mail.house.gov

*Counsel for Amicus Curiae the United States House of Representatives*

---

[*] Attorneys for the Office of General Counsel for the U.S. House of Representatives are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof without compliance with any requirements for admission to practice before such court." 2 U.S.C. § 5571.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2019, I caused the foregoing document to be filed via the U.S. District Court for the Northern District of California's CM/ECF system, which I understand caused service on all registered parties.

> */s/ Douglas N. Letter*
> Douglas N. Letter